UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE OF IDAHO, a sovereign State of the United States,<br><br>      Plaintiff,<br> v.<br><br>COEUR D'ALENE TRIBE, a federally recognized Indian tribe,<br><br>      Defendant. | Case No. 2:14-cv-00170-BLW<br><br>**ORDER** |

## BACKGROUND

  Earlier this month, the Coeur d'Alene Tribe allegedly began conducting Texas Hold 'em tournaments at the Coeur d'Alene Casino Resort Hotel. Texas Hold 'em is a poker game. The State of Idaho seeks an injunction prohibiting the Tribe from conducting these tournaments, based on its argument that poker is an expressly prohibited form of gambling under Idaho state law. The Tribe opposes the motion for injunctive relief and also moves to dismiss the State's complaint.

  The Shoshone-Bannock Tribes seek to file an amicus brief in support of the Tribe's motion to dismiss and in opposition to the State's motion for a temporary

restraining order. *See* Dkt. 20. The Shoshone-Bannock Tribes explain that the Court's resolution of the dispute between the Coeur d'Alene Tribe and the State "would . . . place in serious and immediate jeopardy the scope of Class II games that the Shoshone-Bannock Tribes may offer on its Indian lands." *Id.* at 2. The Shoshone-Bannock Tribes also say that if the Court "tak[es] jurisdiction" over this matter, it would "seriously erode the self-governance of the Shoshone-Bannock Tribes because the dispute is beyond Congress' intended limited abrogation of tribal sovereign immunity in actions brought by states in federal court regarding Indian gaming." *Id.* at 2-3.

## DISCUSSION

There is no inherent right to file an amicus brief. Rather, district courts retain broad discretion to either permit or reject the appearance of amicus curiae, and typically allow amicus briefs only when they are both timely and useful. *See Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1514 (9th Cir.1987). In addition, participation of amicus curiae may be appropriate where legal issues in a case have potential ramifications beyond the parties directly involved. *See, e.g., Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003).

Still, though, one court has observed that "[t]he vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse. The term 'amicus curiae' means friend of the court, not friend of a party." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir.1997) (Posner, J.).

The Court will allow the Shoshone-Bannock Tribes to file an amicus brief in this case because of the potential impact this Court's decision may have on that tribe. Additionally, the amicus brief is timely and some parts of it are useful to the Court. The Court reaches this decision with some reservations, however, as it appears that some of the Shoshone-Bannock Tribes' arguments are either (i) similar to the arguments the Coeur d'Alene Tribe is already making or (ii) arguments the Coeur d'Alene Tribe easily could have made for itself. For example, the Shoshone-Bannock Tribes devote three pages to discussing correspondence between the litigants themselves. *See Amicus Brief*, Dkt. 20-1, at 8-11; *Mtn.*, Dkt. 20, at 6 ("The analysis in the proposed *Amicus* is intended to bring the Court's attention to particulars of the correspondence submitted as evidence in support of the State's motion, and provide recent case law not cited by the Coeur d'Alene Tribe, . . . ."). This correspondence was already before the Court. Because of this sort of overlap in arguments, the Court does not anticipate allowing the Shoshone-Bannock Tribes to offer oral argument at the upcoming June 3, 2014 hearing.

## ORDER

It is **ORDERED that** the Shoshone-Bannock Tribes' Motion for Leave to File an Amicus Brief (Dkt. 20) is **GRANTED.**

DATED: May 29, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court