UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE OF IDAHO, a sovereign State of the United States<br><br>Plaintiff,<br><br>v.<br><br>COEUR D'ALENE TRIBE, a federally recognized Indian tribe<br><br>Defendant. | Case No. 2:14-cv-00170-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Defendant's Motion to Stay the Proceedings. Dkt. 67. For the reasons set forth below, the Court will grant the motion, staying this litigation until a decision on appeal has been issued and the case remanded to this Court.

## BACKGROUND

In early May 2014, the Coeur d'Alene Tribe began conducting Texas Hold'em tournaments at the Coeur d'Alene Casino. Shortly after, the State of Idaho brought this action seeking to enjoin the Tribe from holding these tournaments, claiming that poker is a prohibited form of gambling in Idaho, and that the Tribe is in violation of the parties'

Class III Gaming Compact by conducting these poker tournaments. *Complt.* ¶¶ 17-22, Dkt. 1. On September 5, 2014, the Court issued a Preliminary Injunction and denied Defendant's Motion to Dismiss for lack of subject matter jurisdiction and improper venue. *September 5, 2014 Memorandum Decision and Order*, Dkt. 40. The Tribe now moves to stay the litigation pending resolution of the appeal to the Ninth Circuit. Dkt 67.

## ANALYSIS

It is well established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case. *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). However, courts possess substantial inherent powers to control and manage their dockets, which include the power to stay proceedings where the court finds it would best serve the economy and time of the court and parties. *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936). The resolution of the Tribe's motion to stay is, therefore, "an exercise of judicial discretion" that is "dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citations omitted).

Generally, the court should consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (2011) (quoting *Nken*, 556 U.S. at 434). These four factors should be examined on a flexible "continuum," which is

"essentially the same as the 'sliding scale' approach" applied to requests for preliminary injunctions. *Leiva-Perez,* 640 F.3d at 964–66.

Although usually a movant must show a substantial case for relief on the merits, this case presents a unique situation. On appeal, the Ninth Circuit will review whether Congress conferred subject matter jurisdiction over this dispute to the federal courts, which necessarily requires the determination of whether the Texas Hold'em tournaments qualify as Class III gaming under the Indian Gaming Regulatory Act (IGRA). However, the question of whether Texas Hold'em tournaments qualify as Class III gaming under the IGRA is also determinative of the merits of the underlying action. *See September 18, 2014 Memorandum Decision and Order* at 7, Dkt. 57 (explaining that in this particular case, deciding jurisdiction would basically require a decision on the merits). Whether or not the movant succeeds on appeal, the Ninth Circuit's determination of the jurisdictional issue will necessarily resolve the merits of the case. Further action in the trial court may well be unnecessary.

Additionally, both parties are likely to suffer unnecessary litigation expenses absent a stay. The State argued that it would be injured by the issuance of a stay were the Court to grant the Tribe's motion to increase security. However, the Court denied the motion to increase security, rendering the argument moot. *See December 17, 2014 Memorandum Decision and Order*.

Finally, regarding the public interest, the Court finds Rule 1 of the Federal Rules of Civil Procedure instructive. Rule 1's guiding premise is that the rules "should be

construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. It needs no citation of authority to recognize that litigation is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States,* 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* Fed. R. Civ. P. 26(B)(2)(iii). These policies support a stay of litigation in this matter.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Stay the Proceedings (Dkt. 67) is **GRANTED**. This litigation is **STAYED** pending the Ninth Circuit's resolution of Defendant's appeal to the Court's September 5, 2014 Memorandum Decision and Order.

DATED: December 17, 2014

B. Lynn Winmill
Chief Judge
United States District Court